[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  16-17443
_____

D.C. Docket No.  5:14-cv-01795-CLS


SHARON ANN RANSOM,

                                                            Plaintiff-Appellant,

versus

RICHARD SHERMAN,

                                                            Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 6, 2017)

Before WILSON and NEWSOM, Circuit Judges, and WOOD,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Lisa Wood, United States District Judge, for the Southern District of Georgia, sitting by designation.

Sharon Ransom brought this action for damages against Deputy Richard Sherman, under 42 U.S.C. § 1983, alleging that Sherman violated her Fourth Amendment rights to be free from wrongful arrest and excessive force. The district court held that Sherman is entitled to qualified immunity and granted Sherman's motion for summary judgment. We affirm finding no reversible error.

Deputy Richard Sherman pursued Justin Ransom, who was fleeing from a traffic checkpoint, into what turned out to be the front yard of his parents' home. During Justin Ransom's arrest, Sharon Ransom and her husband came out onto their porch. Sharon Ransom began shouting at the officers, who instructed her to go inside. When Ransom continued to shout, Sherman arrested and handcuffed her. Ransom brought this suit for wrongful arrest and excessive force.

Sherman is entitled to qualified immunity if he had arguable probable cause for the arrest. *See Case v. Eslinger*, 555 F.3d 1317, 1326–27 (11th Cir. 2009). Audio evidence of the scene reveals that Ransom was yelling at the officers as they were arresting her son. Section 13A-10-41(a) of the Alabama Code prohibits "prevent[ing] or attempt[ing] to prevent a peace officer from affecting a lawful arrest of himself or of another person." Based on the audio evidence, the district court correctly held that Ransom failed to establish that no reasonable officer could have thought there was probable cause to arrest her for resisting arrest under Alabama law. *See Vinyard v. Wilson*, 311 F.3d 1340, 1346–47 (11th Cir. 2002).

We agree with the district court; it was correct to conclude that Sherman was entitled to qualified immunity on Ransom's wrongful arrest claim.

The district court was also correct to conclude that Sherman is entitled to qualified immunity on Ransom's excessive force claim. "The Fourth Amendment [] . . . encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872 (1989). Ransom claims that both Sherman's rough use of handcuffs and use of pepper spray on her was excessive and not objectively reasonable.

Video evidence shows that Sherman was holding Ransom's arms high behind her back, a handcuffing technique designed to give the arrestee the sensation that they will fall forward if they don't walk forward. This handcuffing technique "is a relatively common and ordinarily accepted non-excessive way to detain an arrestee." *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002). We agree with the district court's conclusion that Sherman's arrest of Ransom did not constitute excessive force.

Video evidence also shows Ransom partially entering the patrol car, Sherman removing something from his pocket, and then Ransom fully entering the

3

patrol car.  Although Sherman denies it, Ransom argues that he pepper-sprayed her.  We have held that "using pepper spray is reasonable . . . where the plaintiff was either resisting arrest or refusing police requests, such as requests to enter a patrol car . . . ."  *Vinyard v. Wilson*, 311 F.3d at 1348.  The video of the incident shows that Ransom had not fully moved into the patrol car, making Sherman's actions reasonable.  We therefore agree with the district court that there was no excessive force.

Accordingly, the district court's grant of summary judgment to Sherman is **AFFIRMED.**